UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MATTHEW JOHN HULL,                              Case No. 16-CV-3505 (WMW/LIB)

        Plaintiff,

v.                                              REPORT AND RECOMMENDATION

MN DEPARTMENT OF CORRECTIONS;
MCF - ST. CLOUD MEDICAL / MENTAL
HEALTH; and MCF - RUSH CITY
MEDICAL / MENTAL HEALTH,

        Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Plaintiff Matthew John Hull commenced this action by filing a Complaint alleging violations of his constitutional rights by Minnesota state prison officials. Hull did not pay the required filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. In an Order dated October 24, 2016, the Court calculated Hull's initial partial filing fee under the Prison Litigation Reform Act to be $1.24. *See* Docket No. 3 (citing 28 U.S.C. § 1915(b)). Hull was given 20 days to pay this initial partial filing fee, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). On November 2, this Court received a request from Hull for a 7-day extension to pay this initial partial filing fee, *see* Docket No. 7, but nearly a month later, the Court is not yet in receipt of Hull's payment.

Simply put, this matter cannot proceed until Hull submits payment in the amount required by § 1915(b), as earlier calculated by this Court, or demonstrates that he has no assets and no means to pay the required fee. Hull has not shown that he lacks assets or means to pay the relatively small initial partial filing fee; his initial IFP application shows that during the six months preceding this action, he received an average of $6.19 in deposits per month to his prison trust account. *See* Docket No. 2 at 6. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Finally, Hull has also filed a motion to amend the pleadings in this matter to replace the current defendants with the specific individuals who are alleged to have violated his constitutional rights. *See* Docket No. 5. Hull may amend his Complaint once as a matter of course without permission of the Court prior to service of the Complaint (or within 21 days after the Complaint is served), and so his request is unnecessary. *See* Fed. R. Civ. P. 15(a)(1)(A). Had Hull submitted an amended complaint, that document would now be the operative pleading, but the document submitted by Hull along with his motion to amend [Docket No. 6] is lacking in too many respects to be deemed an amended complaint (it is not signed; it lacks a statement of the basis of the Court's jurisdiction; and it assumes familiarity with the earlier pleading rather than setting forth all relevant facts in support of relief).

All of this is rendered moot by Hull's failure to pay the initial partial filing fee. But if Hull elects to proceed with this action, and if he wishes to submit an amended complaint, he should

submit an entirely stand-alone pleading that substantially complies with the Federal Rules of Civil

Procedure and all other applicable rules, just as Hull's initial Complaint did.  In the meantime, in

light of this Court's recommendation of dismissal for failure to prosecute, and because Hull's motion

to amend the complaint is unnecessary under Rule 15(a)(1)(A), it is recommended that the motion

be denied as moot.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b)

   for failure to prosecute.

2. Plaintiff Matthew John Hull's motion to amend [ECF No. 5] be **DENIED AS**

   **MOOT**.

Dated: December 14, 2016                          s/Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District
Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate
judge's proposed finding and recommendations within 14 days after being served a copy" of the
Report and Recommendation.  A party may respond to those objections within 14 days after being

served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.